IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| IN RE:     DANIEL P. SLOAN | CASE NO. 10-51022-NPO |
| DEBTOR | CHAPTER 7 |
| AMJAD F. NAJJAR | PLAINTIFF |
| VS. | ADVERSARY NO. 10-05047-NPO |
| DANIEL P. SLOAN | DEFENDANT |

## AMENDED ADVERSARY COMPLAINT

Plaintiff, Amjad J. Najjar, is a creditor and party in interest in Bankruptcy Case No. 10-51022-NPO, and in support of this Amended Adversary Complaint against Daniel P. Sloan ("Sloan") states the following:

### JURISDICTIONAL ALLEGATIONS

1.  This complaint initiates an adversary proceeding within this Court's jurisdiction brought pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157 (a), (b) (1) and (2) (I) and Rule 7001 (6) and (9) of the Federal Rules of Bankruptcy Procedure, and pursuant to 28 U.S.C. § 2201 and FED.R.CIV.P. 57, which seeks a determination of the nondischargeabilty of particular debts pursuant to 11 U.S.C. §523. Defendant is an individual debtor under Chapter 7 who has filed a petition for relief in this Court. Venue is proper in this Court pursuant to 28 U.S.C. §1409 and this Court has jurisdiction of this matter as a proceeding arising under title 11 and as a core proceeding pursuant to 28 U.S.C. §157(b) (2) (A), and (I).

2.  Sloan filed his Petition seeking relief under Chapter 7 of the Bankruptcy Code, and Plaintiff anticipates that in the course of these proceedings he will seek discharge of particular debts owed by Sloan to the Plaintiff.

PD.4195530.3

3. Plaintiff Amjad F. Najjar is a Texas resident who holds unliquidated and disputed claims against Sloan for money owed as the result of Sloan's receipt of loan proceeds from Plaintiff through fraud.

4. Sloan is a legally competent adult who has filed a Chapter 7 proceeding within the jurisdiction of this Court listing a Mississippi address, but who now resides in the state of Alabama and who may be personally served with process, pursuant to the laws of the States of Mississippi or Alabama, where he may be found or otherwise pursuant to Rule 4 of the Federal Rules of Civil Procedure by being hand-delivered a copy of the Complaint together with a Summons within 120 days of the date of the filing of the Adversary Complaint by a person who is not a party and who is at least 18 years of age, if service of process is not waived. The last known residence address of Sloan is 356 Cotton Bay Lane, Gulf Shores, Alabama 360452.

## GENERAL ALLEGATIONS

### FACTS

5. At all times relevant to this suit, Sloan, along with Amnon Lutfak ("Lutfak"), was unlawfully and deceptively doing business as Hampton Developers, L.L.C., a nonexistent and unchartered business entity represented by Sloan and Lutfak to be a Texas limited liability company and the general partner of nonexistent limited partnerships 20 Tiel Way, L.P. ("20 Tiel Way"), and 24 Tiel Way, L.P ("24 Tiel Way"). On or about July 1, 2006, Lutfak, as the purported manager of the nonexistent entities, executed on behalf of the nonexistent limited partnerships 20 Tiel Way and 24 Tiel Way, a Promissory Note in the amount of $1,200,000.00, calling for 30 monthly payments to Plaintiff of $9,000.00 each beginning on August 1, 2006.

6. 20 Tiel Way and 24 Tiel Way were not formed until January 12, 2007 – over (6) months after the purported execution of the Note.  Furthermore, despite Lutfak's sworn, signed, written averments to the Secretary of State in the certificates under the penalties of perjury and fraud that the general partner of both 20 Tiel Way and 24 Tiel Way was "Hampton Developers, L.L.C.," no such company existed until July 9, 2007 – more than 1 year after execution of the Note and only after co-conspirator attorney Yaron Lutfak, the brother of Amnon Lutfak, was named as a defendant in a lawsuit filed in the District Court of Harris County, Texas, 133rd District Court (the "Texas Case").

7. From the beginning, Sloan and Lutfak represented to Plaintiff that Plaintiff would be doing business with Hampton Windfall Ventures, L.L.C. ("Hampton Windfall").  Plaintiff would not have loaned $1.2 million to the yet-to-be-formed partnerships 20 Tiel Way and 24 Tiel Way or their nonexistent general partner, Hampton Developers, L.L.C., if Plaintiff had known the truth about the non-existent partnerships.  Hampton Windfall defaulted on the Note, not making a payment until January 9, 2007.  When the first payment was made, it was made not by the nonexistent Developers or by either of the still-unformed limited partnerships, but by Hampton Windfall.  On January 12, 2007, in accordance with the terms of the Note, Plaintiff demanded that Hampton Windfall cure the default by paying the total amount due on or before January 17, 2007.  The same day, Sloan and Lutfak caused the following to occur:

    (i)    first chartered limited partnerships 20 Tiel Way and 24 Tiel Way;

    (ii)    destroyed a Note executed with Hampton Windfall as Maker; and

    (iii)    fraudulently executed a new Note  naming the infant—and insolvent— partnerships 20 Tiel Way and 24 Tiel Way as joint Makers.

PD.4195530.3            3

Sloan and Lutfak ignored Plaintiff's demand, but furnished to Plaintiff a copy of the new, fraudulently executed Note in an attempt to evade Hampton Windfall's obligations under the Note. Neither Lutfak, Sloan, Hampton Windfall, 20 Tiel Way, nor 24 Tiel Way cured the default under the Note.

8. The funds obtained from Plaintiff by execution of the Note were to be used "as security with a bank to get a line of credit loan" in order that the 20 Tiel Way and 24 Tiel Way partnerships would develop the residential property at the River Oaks addresses for which the partnerships were named. But instead of depositing Plaintiff's money in bank accounts owned by the partnerships, Lutfak and Sloan formed a new entity, LADS Ventures, L.P. ("LADS") (which stands for Lutfak-Amnon-Dan-Sloan), owned equally by Sloan and Lutfak and ordered Plaintiff's money wire-transferred to that account without Plaintiff's permission. The existence of LADS was never revealed to Plaintiff and was discovered only after this suit was filed in the Texas Case.

9. Within two weeks of deposit, all but $7,101.96 of Plaintiff's money had been funneled out of LADS to Sloan and Lutfak individually, to companies they owned and controlled, and to construction projects in which plaintiff had no interest. Additionally, plaintiff's funds were used by Lutfak and Sloan in various construction projects, real estate acquisitions, and unidentified transfers.

10. Furthermore, Sloan and Lutfak, acting both individually and in concert through various alter-ego entities, funneled Plaintiff's funds into various CDs in at least 3 different banking institutions in the names of themselves and their entities. These banks include (i) Frost National Bank (CD Account No. 324495, in the amount of $60,000.00), (ii) Texas State Bank (CD Account No. 3712959, in the amount of $100,000.00, and CD Account No.

3678975 in the amount of $150,000.00), and (iii) Trustmark National Bank (CD Account No. 9300030585, in the amount of $100,000.00).

11. Plaintiff declared the entire unpaid balance of both principal and interest under the Note immediately due and payable under the terms of the Note. Section 5(b) of the Note also provides that all past due amounts, due principal and interest, shall be subject to an annual interest rate of 15%.

12. After a series of temporary restraining orders enjoining Lutfak beginning January 31, 2007, the Court in the Texas Case on July 16, 2007, signed a temporary injunction enjoining Sloan and others from withdrawing, liquidating, transferring, converting, loaning, encumbering, pledging, concealing, dissipating, spending, or otherwise disposing of any funds in the following accounts: (i) Frost National Bank CD Account No. 324495 ($60,000.00), (ii) Texas State Bank CD Account No. 3712959 ($100,000.00), (iii) Texas State Bank CD Account No. 3678975 ($150,000.00), (iv) Trustmark National Bank CD Account No. 9300030585 ($100,000.00). Nevertheless, Sloan and Lutfak caused the CDs to be pledged to the banks as collateral for loans of twice the amounts of the CDs, and then absconded with the loan proceeds. During the pendency of the Texas case, the banks seized as collateral the CDs representing the last of Plaintiff's stolen money.

## CAUSES OF ACTION

### COUNT I

### FRAUD

13. Plaintiff incorporates by reference paragraphs 1 – 12 above, as if fully set forth below.

14. Sloan affirmatively misrepresented material facts to Plaintiff and failed to disclose to Plaintiff—the proposed limited partner of the nonexistent entities—material facts which Lutfak and Sloan had a fiduciary duty to disclose. Sloan knew that Plaintiff was ignorant of the truth and had no opportunity to discovery it for himself. Facts misrepresented or fraudulently concealed by Sloan and Lutfak included that Sloan and Lutfak (i) did not intend to make the monthly $9,000.00 payments which the Note obligated them to pay; (ii) did not intend to repay the $1.2 million borrowed from Plaintiff; (iii) were using unchartered, nonexistent companies as a sham to perpetrate a fraud upon Plaintiff and to insulate themselves from liability for their actions; (iv) had substituted such unchartered, non existent, and insolvent entities in a Promissory Note in order to facilitate the theft of Plaintiff's $1.2 million and defeat Plaintiff's recovery of same in any resulting litigation; and (v) intended to steal and covert Plaintiff's money to their own personal uses instead of using it for development of the 20 Tiel Way and 24 Tiel way properties in River Oaks. Lutfak even committed aggravated perjury in sworn written statements to the Texas Secretary of State. Plaintiff had no reasonable opportunity to discover the truth for himself when he justifiably relied on Sloan and Lutfak's numerous and continuing misrepresentations. Such failure to disclose is an actionable non-disclosure fraud.

15. Sloan's frauds have caused Plaintiff actual damages of not less than $1.2 million, for which Plaintiff here sues. Pursuant to TEX. CIV. PRAC. & REM. CODE §41.003(a)(a), Plaintiff is entitled to recover exemplary damages for Lutfak's and Sloan's conspiratorial frauds, for which Plaintiff here sues in the amount of $2.4 million. Although no statute specifically authorizes recovery of attorney's fees in an action for fraud, Plaintiff is entitled to prove and recover attorney's fees as damages-in-equity, for which Plaintiff also sues.

## COUNT II

## BREACH OF FIDUCIARY DUTY

16. Plaintiff incorporates by reference paragraphs 1 – 15 above, as if fully set forth below.

17. On December 7, 2006, Hampton Windfall signed a "Nominee and Trust Agreement" pursuant to which Hampton Windfall assumed the position and fiduciary duties of a trustee to beneficiary 20 Tiel Way, L.P. Hampton Windfall did not act with loyalty and fidelity toward beneficiary 20 Tiel Way but, in fact deceived and stole from its beneficiary. Hampton Windfall was the alter ego of Sloan and Lutfak. Accordingly, the breach of fiduciary duty by Hampton Windfall may be imputed to Sloan. Also on December 7, 2006, Sloan signed another "Nominee and Trust Agreement" in which Sloan assumed the position and fiduciary duties of a trustee to beneficiary 24 Tiel Way. Sloan, too, failed to act with loyalty and fidelity toward beneficiary 24 Tiel Way and, in fact, deceived and stole from his beneficiary.

18. Plaintiff, Sloan, and Lutfak had a special confidential relationship that existed prior to and apart from the business transactions at issue in this suit. Plaintiff placed special confidence in Sloan and Lutfak, which, as a matter of equity and good conscience, were required to act in good faith and with due regard to Plaintiff's interests. Further, partners owe each other a fiduciary duty. *M.R. Champion, Inc. v. Mizell*, 904 S.W.2d 617, 618 (Tex. 1995). As a fiduciary, Sloan was bound to act in good faith and with due regard to the interests of Plaintiff. *Judwin Props., Inc. v. Griggs & Harrison*, 911 S.W. 2d 498, 506 (Tex. App.—Houston [1st Dist.] 1995, no writ). Sloan owed Plaintiff a duty (i) of candor; (ii) to refrain

from self-dealing; (iii) to act with integrity of the strictest kind; (iv) of fair, honest dealing; and (v) of full disclosure.

19. Sloan has, individually and in concert with Lutfak, by his various defalcations, self-dealing, dishonesty, and failure and refusal to disclose facts and account to Plaintiff for profits, breached and conspired to breach his fiduciary duties to Plaintiff. Sloan's breaches of fiduciary duty have resulted in both injury to Plaintiff and benefit to Sloan. Specifically, Sloan and Lutfak instructed Plaintiff's attorney, John Robert Weatherly, to wire transfer Plaintiff's initial contribution of $831,223.16 not to 20 Tiel Way and 24 Tiel Way limited partnerships, which did not yet exist, but to LADS which Sloan and Lutfak created for the purpose of defrauding Plaintiff and stealing his money. And, although Sloan and Lutfak represented to Plaintiff on December 7, 2006, that 20 Tiel Way and 24 Tiel Way had been formed—and thereby induced Plaintiff to sign Agreements of Limited Partnership for each other—the putative limited partnership entities had not been formed. In fact, the putative limited partnerships' general partner, Hampton Developers, L.L.C., was not formed until nearly six (6) months after suit was filed in the Texas Case.

20. Sloan and Lutfak's malicious breaches of their fiduciary duties have damaged Plaintiff in the amount of at least $1.2 million, for which amount Plaintiff sues. Pursuant to TEX. CIV. PRAC. & REM. CODE §41.003(a)(2), Plaintiff is entitled to recover exemplary damages for Sloan's malice, for which Plaintiff sues in the additional amount of $2.4 million.

## COUNT III

## CONSPIRACY

21. Plaintiff incorporates by reference paragraphs 1 – 20 above, as if fully set forth below.

22. Sloan, along with Amnon Lutfak and Yaron Lutfak, was a member of a combination of persons the object of which was to accomplish an unlawful purpose or to accomplish a lawful purpose by the unlawful means of fraud and deceptive trade practices. Sloan, Amnon Lutfak, and Yaron Lutfak had a meeting of the minds regarding breaching fiduciary duties to Plaintiff, defrauding Plaintiff, committing deceptive trade practices against Plaintiff, and stealing Plaintiff's money, in furtherance of which objectives one or more overt acts were performed, causing Plaintiff damages as a proximate result. Overt acts performed in furtherance of the conspiracy include, but are not limited to: (i) formation of Amnon Lutfak and Sloan's alter ego, LADS; (ii) the wire-transfer on December 12, 2006, of $831,223.16 of Plaintiff's contribution designated for the 20 Tiel Way and 24 Tiel Way limited partnerships; (iii) the further wire-transfer of the same $250,000.00 on December 12, 2006, by LADS to Sloan's and Lutfak's alter ego, Hampton Windfall; (iv) the further wire transfer of the same $250,000.00 on December 12, 2006, by Hampton Windfall to Lutfak; and (v) the further payments by Amnon Lutfak immediately to Yaron Lutfak and other projects and entities for the direct personal benefit of Sloan, Amnon Lutfak, and Yaron Lutfak. As co-conspirators, Sloan, Amnon Lutfak and Yaron Lutfak are jointly and severally liable for all damages sustained as a result of the plans and schemes the conspiracy facilitated. Plaintiff has been damaged in the amount of not less than $1.2 million, for which amount Plaintiff here sues.

## COUNT IV

## VIOLATION OF THE THEFT LIABILITY ACT

23. Plaintiff incorporates by reference paragraphs 1 – 22 above, as if fully set forth below.

24. Plaintiff brings this cause of action under the Texas Theft Liability Act for an unlawful appropriation of property under TEX. PEN. CODE §31.03. Plaintiff has a possessory right to property, consisting of money in the amount of $1.2 million, which Sloan unlawfully appropriated, secured, or stole. This unlawful taking by Sloan was done with the intent to deprive Plaintiff of the property, causing Plaintiff damages for which he here sues.

25. Plaintiff is entitled to reasonable attorneys' fees incurred to assert his claims in this suit pursuant to TEX. CIV. PRAC. & REM. CODE § 134.005(b), for which Plaintiff also here sues. Upon proof of actual damages, Plaintiff is entitled to additional statutory damages of $1,000 from Sloan under TEX. CIV. PRAC. & REM. CODE § 134.005(a)(1), for which Plaintiff here also sues. Furthermore, Plaintiff's injury resulted from Sloan's malice or actual fraud, which entitles Plaintiff to exemplary damages under TEX. CIV. PRAC. & REM. CODE § 41.003(a), for which Plaintiff here also sues.

## COUNT V

## NON-DISCHARGEABILITY

26. Plaintiff's claims against Sloan set forth in the preceding paragraphs should be judicially determined to be exceptions to any discharge granted to Sloan under 11 U.S.C. § 727 or 1141 pursuant to 11 U.S.C. § 523 (a)(2) [for money, property, services, or an extension, renewal, or refinancing of credit to the extent obtained by false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition] and 11 U.S.C. § 523 (a)(4) [for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny].

## PRAYER

27. For these reasons, Plaintiff prays that the court:

(i) Award Plaintiff actual and consequential damages of $1.2 million, trebled to the extent permitted by applicable law, for which Plaintiff is not made whole by the injunctive relief previously requested;

(ii) Award Plaintiff exemplary damages of $2.4 million in order to make of Defendants an example for the public good and to deter future wrongdoing;

(iii) Award Plaintiff his reasonable and necessary attorneys' fees for all actions taken in this Court, the court of appeals, and the Texas Supreme Court;

(iv) Award Plaintiff pre-judgment and post-judgment interest to the maximum extent provided by law; and

(v) Award Plaintiff his costs of court and such other and further relief, at law or in equity, as to which he shall show himself justly entitled.

Respectfully submitted this the 20th day of September, 2010.

Respectfully submitted,

AMJAD F. NAJJAR


By: */s/ B. Lyle Robinson*

James W. O'Mara, MS Bar No. 3929
James W. Craig, MS Bar No. 7798
B. Lyle Robinson, MS Bar No. 10015
**PHELPS DUNBAR LLP**
4270 I-55 North
Jackson, Mississippi 39211
Post Office Box 16114
Jackson, Mississippi 39236-6114
Telephone: (601) 352-2300
Facsimile: (601) 360-9777
www.phelpsdunbar.com

**ATTORNEYS FOR
AMJAD F. NAJJAR**

Document      Page 12 of 12

## **CERTIFICATE OF SERVICE**

I do hereby certify that the foregoing pleading was filed electronically through the Court's ECF system and that the same was served electronically on all parties enlisted to receive service electronically and separately served by email to the following:

David L. Lord
2300 24th Avenue
Gulfport, MS 39501
lordlawfirm@bellsouth.net

Office of the U.S. Trustee
A.H. McCoy Federal Building, Suite 706
100 W. Capitol Street
Jackson, MS 39269
USTPRegion05.AB.ECF@usdoj.gov

Ronald H. McAlpin, Esq.
Trial Attorney, Office of the U.S. Trustee
A. H. McCoy Federal Building, Suite 706
100 W. Capitol Street
Jackson, MS 39269
Ronald.McAlpin@usdoj.gov

Derek A. Henderson
111 E. Capitol St.
Suite 455
Jackson, MS 39201
d_henderson@bellsouth.net

and by U.S. Mail, postage prepaid to the following:

Daniel P. Sloan
356 Cotton Bay Lane
Gulf Shores, AL 39642

SO CERTIFIED, this the 20th day of September, 2010.

*/s/ B. Lyle Robinson*
B. Lyle Robinson